# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HARVE JOHNSON,** | : |
| Petitioner | : |
| v. | : |
| **JOHN E. WETZEL, Secretary Designee, Pennsylvania Department of Corrections; LOUIS FOLINO, Superintendent of the State Correctional Institution at Greene; and MARIROSA LAMAS, Superintendent of the State Correctional Institution at Rockview,** | :CIVIL ACTION NO. 3:13-CV-1666<br><br>:      (JUDGE MANNION)<br><br>:<br><br>:   (THIS IS A CAPITAL CASE)<br><br>: |
| | : |
| Respondents | |
| | : |

## MEMORANDUM

This is a capital habeas corpus proceeding brought by a convicted Pennsylvania state prisoner, Petitioner Harve Johnson. For the reasons that follow, the matter will be dismissed without prejudice to re-filing once the Petitioner has properly exhausted his state court remedies.

**I.    Background**

Following his conviction for first-degree murder, Petitioner was sentenced to death on November 16, 2009, in the Court of Common Pleas of York County, Pennsylvania. (Doc. 1.) Petitioner's conviction and sentence were affirmed by the Pennsylvania Supreme Court on April 26, 2012. Commonwealth v. Johnson, 42 A.3d 1017 (Pa. 2012), reargument denied,

Commonwealth v. Johnson, No. 608 CAP (Aug. 12, 2012). His petition for certiorari review was denied on April 15, 2013. Johnson v. Pennsylvania, 133 S. Ct. 1795 (2013).

On June 20, 2013, Petitioner filed a motion for leave to proceed in forma pauperis and for appointment of federal habeas corpus counsel. (Doc. 1.) The court granted the motion on June 27, 2013, and Petitioner was directed to file a status report apprising the court of the procedural posture of Petitioner's state court proceedings and any other pertinent matters on or before December 21, 2013. (Doc. 3.)

On January 13, 2014, Petitioner filed a status report, albeit late. (Doc. 4.) In that status report, Petitioner indicates that on July 18, 2013, Governor Tom Corbett signed a death warrant for Petitioner, scheduling his execution for September 10, 2013. (Id.) On July 23, 2013, Petitioner filed a pro se motion for post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. §§ 9541-9546, and requesting appointment of counsel in the York County Court of Common Pleas. (Id.) On that same day, Michael Wiseman, Esquire, filed an emergency motion for a stay of execution on behalf of Petitioner in the York County Court. (Id.) On August 2, 2013, the Honorable Michael Bortner of the York County Court appointed Mr. Wiseman to represent Petitioner in his PCRA proceedings and directed him to file an amended PCRA petition. (Id.) Judge Bortner also deferred action on Petitioner's stay application. (Id.) On August 9, 2013,

Petitioner filed a motion for reconsideration of the court's order. (Id.) A hearing was held on that same day during which the court conducted a colloquy of Petitioner and formally appointed Mr. Wiseman as counsel. (Id.) The court also ordered that Petitioner file a supplement to his stay application and ordered an amended PCRA petition be filed by March 1, 2014. (Id.) Petitioner filed the supplement to his stay application on August 12, 2013. (Id.) On August 15, 2013, Judge Bortner granted Petitioner's motion for a stay of execution pending resolution of the PCRA proceedings. (Id.) In addition, Petitioner's amended PCRA petition is currently due on March 1, 2014. (Id.)

Based on Petitioner's status report, and the fact that Petitioner is proceeding with appointed counsel in state court and the case has yet to proceed beyond the PCRA Court, the court finds it necessary to dismiss this matter without prejudice to re-filing once the Petitioner has properly exhausted his state court remedies.

## II.     Discussion

### A.     Statutory Framework

A district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). A

petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the very fact or duration of his or her confinement. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).

A petitioner filing for relief under the federal Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), must generally comply with the exhaustion requirement of 28 U.S.C. §2254(b)(1)(A), before a federal court can consider the merits of his habeas corpus petition. Pursuant to §2254(b)(1)(A), the petitioner must give the state courts an opportunity to review allegations of error before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27, 29 (2004). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982) (finding that before a federal court can adjudicate claims under habeas corpus, interests of comity and federalism dictate that the state courts must have the first opportunity to decide a petitioner's claims).

AEDPA also establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. §1154(d)(1); Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005). This one-year period runs from the date on which the judgment became final by the conclusion of direct review or when the time for seeking certiorari review expires. 28 U.S.C. §2244(d)(1)(A); Clay

v. United States, 537 U.S. 522, 525 (2003). The one-year limitations period is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2); see also Pace v. Diguglielmo, 544 U.S. 408 (2005).

Under Pennsylvania's Post-Conviction Relief Act, a petitioner must file for PCRA relief within one year of the date the judgment becomes final. 42 Pa. Cons. Stat. §9545(b)(1). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review, including discretionary review in the United States Supreme Court and the Pennsylvania Supreme Court, or at the expiration of time for seeking such review. Id. §9545(b)(3).

### B. Johnson's Petition

Although courts may entered stays to permit petitioners to exhaust state post-conviction proceedings, the United States Supreme Court has recognized that:

> Stay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] purpose. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Rhines v. Weber, 544 U.S. 269, 277 (2005). Accordingly, stays of federal habeas petitions pending the exhaustion of state remedies are available only where: (1) the petitioner has shown good cause for failing to exhaust his

claims first in state court; (2) his unexhausted claims are potentially meritorious; and (3) the petitioner has not engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-78; Heleva v. Brooks, 581 F.3d 187, 190 (3d Cir. 2009).

Unlike Rhines and Heleva, in the case at bar, there is little concern that dismissing this matter at this time will in any way prejudice Petitioner's ability to seek federal habeas relief. The statute of limitations on Petitioner's federal and state post-conviction proceedings began to run on April 15, 2013. On July 23, 2013, Petitioner filed a petition for PCRA relief in the Court of Common Pleas of York County. See Commonwealth v. Johnson, CP-67-CR-0004854-2008, Criminal Docket Sheet. Thus, the filing of Petitioner's PCRA petition tolled the one-year limitation period. 28 U.S.C. §2244(d)(2). Therefore, once Petitioner exhausts his claims through the PCRA process, he will have 266 days remaining on his one-year limitation period in which to file a timely habeas petition. Because there is no real danger that dismissing this matter without prejudice will result in his federal claims becoming time barred, the court will dismiss this matter without prejudice. See, e.g., May v. Wetzel, No. 3:CV-02572, 2014 WL 346990 (M.D. Pa. Jan. 30, 2014) (denying stay of federal proceedings and lifting federal stay of execution where 42 days remained to timely file a federal habeas petition); Housman v. Wetzel, No. 1:11-CV-0167, 2012 WL 983551 (M.D. Pa. Mar. 22, 2012) (denying stay of federal proceedings and lifting stay of execution where 109 days remained to

timely file federal habeas petition); Sherwood v. Beard, No. 1:10-CV-1073, 2011 WL 6888653 (M.D. Pa. Dec. 30, 2011) (denying stay in capital case where petitioner had "ample time to file a new habeas petition after exhausting his state claims").

### III. Conclusion

Because Petitioner is afforded sufficient time to return to this court after he properly exhausts his state collateral claims, the court will dismiss this matter without prejudice to Petitioner's right to re-file once he has properly exhausted his state court remedies.

A certificate of appealability will not issue. An order consistent with this memorandum will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: March 6, 2014.**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-1666-01.wpd